IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MICHAEL MILLER,<br><br>Plaintiff,<br><br>v.<br><br>D. POWELL,<br><br>Defendant. | No. 2:20-CV-1005-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court are Defendant's motion for summary judgment, ECF No. 19, and Plaintiff's oppositions, ECF Nos. 29, 33, and 35. Defendant contends Plaintiff failed to exhaust administrative remedies prior to bringing suit.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff's original complaint. See ECF No. 1. Plaintiff was an inmate at Pleasant Valley State Prison (PVSP) in Coalinga, California, at the time of the events alleged in the complaint. See id. at 1. Plaintiff names D. Powell, a correctional officer at PVSP, in his personal capacity as the Defendant. See id. at 1, 2. Plaintiff alleges Powell violated the Eighth Amendment through the use of excessive force. Id. at 3.

/ / /

1

According to Plaintiff, on September 18, 2019, after Plaintiff had covered his cell window with a privacy curtain to use the restroom, Powell entered Plaintiff's cell without warning to assault Plaintiff. Id. at 3. Plaintiff claims he suffered a broken finger, abrasions on his face, bruising and swelling in both eyes, and multiple bruises and abrasions around his torso. See id. Afterward, Powell cuffed Plaintiff and escorted him to a "cage." Id. at 4.

## II. THE PARTIES' EVIDENCE

Defendant supports his motion for summary judgment and statement of undisputed facts with the declarations of J. Hurtado, a California Department of Corrections and Rehabilitation (CDCR) Correctional Counselor and Grievance Coordinator; P. Montes, a CDCR Correctional Officer; and H. Moseley, the CDCR Associate Director of the Office of Appeals (OOA). See ECF Nos. 19-3, 19-4, 19-5.

According to Defendant, the following facts are undisputed:

1. Plaintiff Joseph Michael Miller (BI5181) was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) and incarcerated at Pleasant Valley State Prison. (Complaint p. 1; 3).

2. During all times relevant to the Complaint, Defendant D. Powell was employed by CDCR as a Correctional Officer at PVSP. (Complaint, p. 2-3).

3. Plaintiff claims that on September 18, 2019, at PVSP, Defendant entered his cell, unprovoked, and punched him repeatedly. (Complaint, p. 3-4).

4. All CDCR institutions have an administrative grievance process, which contains three levels of review, for grieving issues that affect inmates. (Declaration of Hurtado, ¶¶ 2-5; Declaration of Moseley ¶¶ 1-5; Cal. Code Regs., tit. 15, div. 3, ch. 1, art. 8 (2019)).

5. During all times relevant to the Complaint, the first two levels of review were handled by the local institution (PVSP), and the third level of review was handled by CDCR's Office of Appeals (OOA). (Declaration of Hurtado, ¶¶ 2-4; Declaration of Moseley, ¶¶ 1-5; Cal. Code Regs., tit. 15, div. 3, ch. 1, art. 8 (2019)).

6. Between September 18, 2019 (the date of the incident) and May 19, 2020 (the date that Plaintiff filed his Complaint), Plaintiff filed one grievance that concerned the conduct at issue in the Complaint – Appeal No. PVSP-O-19-02094. (Declaration of Hurtado, ¶¶ 6-7; Declaration of Moseley, ¶¶ 6-10).

2

7. Plaintiff initially submitted Appeal No. PVSP-O-19-02094 at the California Men's Colony (CMC), where he was then housed, which received the grievance on or about September 24, 2019. (Declaration of Hurtado, ¶ 8).

8. CMC forwarded Appeal No. PVSP-O-19-02094 to PVSP, which received it on or about September 25, 2019. (Declaration of Hurtado, ¶ 8).

9. In Appeal No. PVSP-O-19-02094, Plaintiff claimed that on September 18, 2019, Officer D. Powell entered his cell and battered and kicked him, and that Officer Powell left him in "the cage in restraints for over 3 hours." (Declaration of Hurtado, ¶ 9).

10. In the "Action requested" field, Plaintiff simply wrote "Investigation." (Declaration of Hurtado, ¶ 10).

11. Because Plaintiff's grievance contained allegations of staff misconduct, it was categorized as a staff complaint under section 3084.9(i), and automatically bypassed the first level of review. (Declaration of Hurtado, ¶ 11; see Cal. Code Regs., tit. 15 § 3084.9(i); see also id. at § 3084.7(a)(3)).

12. On October 16, 2019, PVSP's Grievance Officer issued its Second Level Response: Appeal No. PVSP-O-19-02094 was partially granted insofar that the grievance was referred for a Confidential Appeal Inquiry under section 3084.9(i)(3)(B). (Declaration of Hurtado, ¶ 12; see Cal. Code Regs., tit. 15 § 3084.9(i)(3)(B)).

13. Plaintiff was informed of the individuals who were interviewed and the documents that were reviewed as part of the Confidential Inquiry but, pursuant to CDCR regulations, was not informed of the details of the Inquiry. (Declaration of Hurtado, ¶¶ 13-14; Cal. Code Regs., tit. 15 § 3084.9(i)(3)(B)(1)-(4)).

14. Plaintiff was specifically informed that "[a]llegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process." (Declaration of Hurtado, ¶ 15).

15. Plaintiff was also informed:

> If you wish to appeal the decision and/or exhaust administrative remedies, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Secretary's/third Level of Review. Once a decision has been rendered at the Third Level, administrative remedies will be considered exhausted.

(Declaration of Hurtado, ¶ 15).

/ / /

/ / /

16. The fact that Plaintiff's allegations were investigated in a Confidential Appeal Inquiry did not exhaust his administrative remedies, because all grievances are subject to review or modification at the third level of review. (Declaration of Hurtado, ¶ 16; see Cal. Code Regs., tit. 15 § 3084.9(d); see also id. at § 3084.7(i)).

17. PVSP sent the Second Level Response to CMC to forward to Plaintiff on October 31, 2019. (Declaration of Hurtado, ¶ 17).

18. On November 5, 2019, Correctional Officer P. Montes at CMC hand-delivered the Second Level Response to Plaintiff. (Declaration of Montes, ¶ 3).

19. Because Plaintiff is a participant in CDCR's Enhanced Outpatient Program (EOP) for mental health, Officer Montes was additionally required to: verbally read Appeal No. PVSP-O-19-02094 to Plaintiff using simple English, spoken slowly and clearly; confirm that Plaintiff understood the results of the grievance; and to complete and sign an "Inmate Appeal Decision Effective Communication Confirmation" form to memorialize the interaction with Plaintiff. (Declaration of Montes, ¶¶ 3-6).

20. According to Section F of the grievance form, Plaintiff submitted Appeal No. PVSP-O-19-02094 to OOA for third-level review on or about February 10, 2020. (Declaration of Moseley, Ex. B at Moseley 006).

21. OOA received Appeal No. PVSP-O-19-02094 on February 12, 2020, and was assigned an OOA log number of 2001738. (Declaration of Moseley, ¶ 9).

22. OOA cancelled Appeal No. PVSP-O-19-02094 on February 20, 2020 under section 3084.6(c)(4) of Title 15 of the California Code of Regulations, for Plaintiff's failure to submit the grievance to OOA within thirty calendar days of receiving the Second Level Response. (Declaration of Moseley, ¶ 10; Cal. Code of Regs., tit. 15 §§ 3084.8(b), 3084.6(c); Complaint, p. 3).

23. OOA has no record of Plaintiff appealing the cancellation of Appeal No. PVSP-O-19-02094. (Declaration of Moseley, ¶ 11).

When bringing a motion for summary judgment, the moving party must submit a Statement of Undisputed Facts that cites to specific portions of "any pleading, affidavit, deposition… or other document relied upon to establish that fact." E.D. Cal. Local Rule 260(a). Opposing parties have two options in response. Opposing parties must reproduce movant's Statement of Undisputed Facts and deny any fact cited therein with reference to supporting evidence or opposing parties may file a Statement of Disputed Facts that cites to the record with any additional material facts which present a genuine issue. See E.D. Cal. Local Rule 260(b).

Defendant asserts that Plaintiff's claim is barred under the Prison Litigation Reform Act (PLRA) because Plaintiff "failed to exhaust his available administrative remedies before filing suit." ECF No. 19-1, pg. 1. In support of his motion, Defendant submitted a Statement of Undisputed Facts in accordance with Local Rule 260. See ECF 19-2. Plaintiff failed to reproduce a copy of Defendant's Statement of Undisputed Facts and deny those that he argues are disputed. Rather, Plaintiff submitted two oppositions, which the Court will consider despite non-compliance with the local rules.

However, in light of Plaintiff's failure to comply with Local Rule 260(b), the Court deems Plaintiff to have admitted those facts not disputed by his submissions. See, e.g.. Fed. R. Civ. P. 56(e); Beard v. Banks, 548 U.S. 521, 527 (2006) ("[B]y failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); Brito v. Barr, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020); see also Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004).

### III. STANDARDS FOR SUMMARY JUDGMENT

The Federal Rules of Civil Procedure provide for summary judgment or summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The standard for summary judgment and summary adjudication is the same. See Fed. R. Civ. P. 56(a), 56(c); see also Mora v. ChemTronics, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998). One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Under summary judgment practice, the

///
///
///
///

moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Id. at 323 (quoting former Fed. R. Civ. P. 56(c)); see also Fed. R. Civ. P. 56(c)(1).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); see also Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987). To demonstrate that an issue is genuine, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). It is sufficient that "the claimed factual dispute be shown to require a trier of fact to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. See Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, see Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, see Matsushita, 475 U.S. at 587.

Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Ultimately, "[b]efore the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the onus of proof is imposed." Anderson, 477 U.S. at 251.

## IV. DISCUSSION

Defendant argues summary judgment in his favor is appropriate because the undisputed evidence established that Plaintiff failed to exhaust available administrative remedies prior to bringing this lawsuit.

The Prison Litigation Reform Act (PLRA) requires prisoners seeking relief under § 1983 to exhaust all available administrative remedies prior to bringing suit. See 42 U.S.C. § 1997e(a); Manley v. Rowley, 847 F.3d 705, 711 (9th Cir. 2017). Exhaustion is mandatory. E.g., Ross v. Blake, 136 S.Ct. 1850, 1856–57 (2016); Jones v. Block, 549 U.S. 199, 211 (2007); Soto v. Sweetman, 882 F.3d 865, 869–70 (2018). Inmate plaintiffs must exhaust available remedies prior to filing suit. Andres v. Marshall, 867 F.3d 1076, 1078 (9th Cir 2017); McKinney v. Carey, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhausting administrative remedies while an action is pending does not satisfy § 1997(e). Andres, 867 F.3d at 1078; McKinney, 311 F.3d at 1199–1201; see Cano v. Taylor, 739 F.3d 1214, 1220 (9th Cir. 2014).

The Supreme Court addressed the exhaustion requirement in Jones v. Block. The Court made three relevant holdings. First, prisoners are not required to specially plead or demonstrate exhaustion in the complaint because lack of exhaustion is an affirmative defense that defendants must plead and prove. Jones, 549 U.S. at 216. Second, individuals named as defendants in a complaint do not necessarily need to be named in the grievance process for exhaustion to be considered adequate because the applicable procedural rules that a prisoner must follow are defined by the particular grievance process, not by the PLRA. Id. at 217–19. Third, the

PLRA does not require dismissal of an entire complaint if some, but not all, claims are unexhausted. Id. at 219–24.

The defendant bears burden of showing non-exhaustion in the first instance. See Albino, 747 F.3d at 1171–72. If a defendant meets their burden, the burden shifts to the plaintiff to show that the grievance process was effectively unavailable. See id. But there are no special circumstance exceptions to the exhaustion requirement. Ross, 136 S.Ct. at 1856–62. The PLRA does not authorize courts to look to the particulars of a case to determine if circumstances excuse a failure to exhaust. See id. at 1856–58. A plaintiff's chance to show that the administrative process was unavailable constitutes PLRA's own, written exception. See id. at 1858. A plaintiff must exhaust available administrative remedies but need not exhaust unavailable remedies. Id. Put another way, inmates are obligated to exhaust only those grievance procedures "capable of use" to obtain some relief for the conduct that the inmate challenges. Id. at 1859. An administrative remedy might be unavailable when procedures operate to a "dead end" and officials do not actually provide relief, when an administrative scheme is so complex that inmates cannot use it, or when officials simply thwart the grievance process. Id.

The PLRA requires "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2007); Merchant v. Corizon Health, Inc., 993 F.3d 733, 742 (9th Cir. 2021). Inmates must comply with the deadlines and "critical procedural rules" of a prison's administrative relief system. Woodford, 548 U.S. at 91, 95; Merchant, 933 F.3d at 742. This means that an inmate must use all the steps that a prison employs in its grievance process, permitting the prison a chance to reach the merits of the grievance and correct its own errors. Woodford, 548 at 90–91, 94; see Fuqua v. Ryan, 890 F.3d 838, 844–45 (9th Cir. 2018); Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016). When reviewing exhaustion under California prison regulations, which have since been amended, the Ninth Circuit observed that, substantively, a grievance is sufficient if it "puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010); see Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

///

Until June 1, 2020, California allowed inmates to administratively appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs., tit. 15, § 3084.1(a) (repealed 2020); Munoz v. Cal. Dep't of Corrs., No. CV 18-10264-CJC (KS), 2020 WL 5199517, at *6 (C.D. Cal. July 24, 2020). CDCR used a three-step process for grievances. Munoz, 2020 WL 519917, at *6 (describing the former three-step process). CDCR now uses a two-step process. See Cal. Code Regs., tit. 15, §§ 3480–87.

Broadly described, under the former three-step process, prisoner had to submit a form to the appeals coordinator of the prison where his claims arose. Munoz, 2020 WL 519917, at *6. If the inmate did not receive relief at the first level, he had to submit a second-level appeal. Id. If the inmate did not receive adequate relief at the second level, he had to submit a third level appeal to the Office of Appeals in Sacramento. Id. Reaching a decision at the third level of review would exhaust administrative remedies. Id.; see Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016).

Defendant contends that Plaintiff did not properly exhaust his available administrative remedies because: (1) Plaintiff's grievance was properly cancelled after the second level of review for failure to submit a timely third-level appeal; and (2) Plaintiff failed to appeal the cancellation. See ECF No. 19-1, pgs. 5-7. According to Defendant:

> A properly cancelled grievance does not exhaust an inmate's available administrative remedies. *Woodford*, 548 U.S. at 83 (no exhaustion where California inmate's grievance was cancelled for untimeliness); *see Jackson v. Fong*, 870 F.3d 928, 933 incl. n.2 (9th Cir. 2017) (explaining that a cancellation by CDCR at the third level of review could not exhaust an inmate's administrative remedies); *see e.g.*, *Ramirez v. Rose* (E.D. Cal., Mar. 5, 2020, No. 2:19-CV-0827-KJN-P) 2020 WL 1907445 at *6 (no exhaustion where it was undisputed that: (1) CDCR has a grievance process; (2) inmate-plaintiff's grievance was untimely; and (3) inmate plaintiff did not receive third-level review of his grievance) (citing *Woodford*, 548 U.S. at 90-91) *report and recommendation adopted* (E.D. Cal., Apr. 17, 2020) 2020 WL 1905286.2 Therefore, Plaintiff failed to properly exhaust his administrative remedies, and this case should be dismissed without prejudice.

* * *

/ / /

> . . . Plaintiff also failed to exhaust his available administrative remedies because he failed to separately appeal the cancellation of his grievance. *Vaughn v. Hood*, No. 2:14-cv-2235, 2015 WL 5020691, at *10 (E.D. Cal. 2015) ("Because plaintiff [was] required to receive a third level decision, not a cancellation, the cancellation of plaintiff's . . .appeal cannot serve to exhaust plaintiff's claims.") *subsequently aff'd*, 670 F. App'x 962 (9th Cir. 2016) (dismissal proper because inmate "failed to exhaust his available administrative remedies by failing to appeal separately the third-level cancellation decision" of his grievance, which was cancelled as untimely).

ECF No. 19-1, pgs. 5-7.

The Court finds Defendant's arguments persuasive. The undisputed facts establish that Plaintiff was informed of the need to pursue his grievance to next level of review following denial of the second-level appeal. The second-level response form also explains that dissatisfied prisoners may appeal the decision within thirty calendar days of receipt. Cancellation of a third-level review does not satisfy the exhaustion requirement under the PLRA. The undisputed evidence also established that Plaintiff did not appeal the cancellation of his grievance, which would have been required to exhaust.

Plaintiff's opposition does not challenge the facts asserted by Defendants. Plaintiff reasserts the grounds of his complaint and vaguely challenges Defendant's position that Plaintiff did not exhaust his remedies. <u>See, e.g.</u> ECF No. 29, pg. 2. Plaintiff does not, however, offer further information on this challenge or address the issue of timeliness. Plaintiff's opposition does question Officer Montes's memory of delivering the response to Plaintiff and the purpose of restarting the appeals process, but otherwise does not deny he was read the response or challenge Defendants' Effective Communication Confirmation from October 31, 2019, or that he filed an untimely third-level appeal on February 10, 2020. While Plaintiff has submitted two declarations, apparently in support of his opposition to Defendant's motion, <u>see</u> ECF No. 35, neither addresses exhaustion or puts the facts outlined by Defendant in dispute.

Because the undisputed evidence shows that Plaintiff failed to exhaust administrative remedies through a third-level decision prior to filing suit, Defendant's motion for summary judgment should be granted.

///

## V. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant's motion for summary judgment, ECF 19, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to the objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 29, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE